UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
WHISTLEBLOWER PRODUCTIONS, LLC,
KATHLEEN COLE, FRANK VETRO,
JEFFREY MONSOUR, MICHAEL CAREY,
MARY ELLEN BELDING, and WALTER
WENGER,

**MEMORANDUM & ORDER**
18-CV-5258 (PKC) (CLP)

Plaintiffs,

- against -

ST8CKED MEDIA LLC, MICHAEL
REICHENBERG, and SOLA ADENEKAN,

Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiffs Whistleblower Productions, LLC, Kathleen Cole, Frank Vetro, Jeffrey Monsour, Michael Carey, Mary Ellen Belding, and Walter Wenger (collectively, "Plaintiffs") bring this action against Defendants St8cked Media LLC, Michael Reichenberg, and Sola Adenekan (collectively, "Defendants"), advancing claims for declaratory relief, copyright infringement, and various causes of action under state law. Pending before the Court is Defendants' motion to dismiss, which the Court grants for the reasons set forth below.

## BACKGROUND

Plaintiff Kathleen Cole is a businesswoman whose work involves the installment and maintenance of equipment for public schools and gymnasiums. (Amended Complaint ("Am. Compl."), Dkt. 17, ¶ 20.)[1] Around 2009, Cole "realized that the vast majority of schools" in New

---

[1] Because this is a motion to dismiss, the Court must accept all well-pleaded factual allegations in the amended complaint as true. *Building Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012). The Court, therefore, recites the relevant facts that are sufficiently pled in the amended complaint, but does not rely on any conclusory statements therein. *See In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001)

1

York State "were neither maintaining their safety devices nor training their staff in the safe operation of the doors and safety devices." (*Id.* ¶ 23.) Cole "report[ed] her findings to the State Legislature, Governor's Office, Attorney General's Office, the Mayor of New York City, the New York Department of Labor, the Suffolk and Nassau County District Attorneys' Offices and other law enforcement agencies." (*Id.* ¶ 24.) As a result, Cole has suffered "[y]ears of relentless, coordinated retaliation." (*Id.* ¶ 25.)

Inspired to create a documentary focused on the experiences of whistleblowers like her, Cole began to reach out to members of the film industry in 2013 and went on to form Plaintiff Whistleblower Productions, LLC. (*Id.* ¶¶ 26–27, 42, 44.) In December of 2017, Cole hired Defendants Michael Reichenberg and Sola Adenekan—both members of Defendant St8cked Media LLC (*id.* ¶¶ 8–10)—to serve as editors for the documentary (*id.* ¶ 37). Reichenberg and Adenekan agreed not to charge Cole for their work, but requested that they be compensated should the documentary start generating revenue. (*Id.*) Cole, Reichenberg, and Adenekan also came to an understanding that (1) they would first make a short version of the documentary, and then use that version to attain the funding needed to make a full-length version (*id.*); and (2) that all three of them would share equal credit as filmmakers and co-producers of the documentary (*id.* ¶ 41).

Cole financed the production of a short version of the documentary, provided critical background knowledge on issues of government corruption, and offered guidance during interviews and the editing process. (*Id.* ¶ 43.) Plaintiffs Vetro, Monsour, Carey, Belding, and Wenger also participated in the production of the short version (*id.* ¶¶ 42, 50, 51), and each of them—along with Cole—signed an appearance release for their participation in the documentary

---

(court "need not credit conclusory statements unsupported by assertions of facts[,] or legal conclusions . . . presented as factual allegations" (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

2

(*id.* ¶ 42). Initially drafted by Reichenberg and Adenekan, this agreement was revised by Cole to clarify that Plaintiffs were not releasing their rights to their individual stories and were entitled to notification and compensation should any derivative work be made from the documentary. (*Id.* ¶¶ 42, 65.) The short version of the documentary was completed on or around July 20, 2018. (*Id.* ¶ 55.) At a summit held that same month, Cole was recognized as the creator and executive producer of the documentary and Plaintiff Whistleblower Productions, LLC and Defendant St8cked Media LLC were recognized as co-producers. (*Id.* ¶ 15.)

On or around August 25, 2018, Cole discovered that Reichenberg and Adenekan had signed an agreement with Phiphen Pictures to develop a movie or television series based on the short version of the documentary, and that she and the other Plaintiffs no longer had access to the documentary, in violation of their contractual rights. (*Id.* ¶¶ 42, 62–63.)

Plaintiffs commenced this action on September 19, 2018 (Dkt. 1) and filed an amended complaint on January 2, 2019 (Dkt. 17). Plaintiffs, who did not have access to the documentary at the time they filed the amended complaint (Am. Compl., ¶ 62), have been unable to submit the documentary and interview footage for copyright registration because they lack physical access to these works (*id.* ¶ 76). On January 24, 2019, the Court granted Defendants leave to file a motion to dismiss, which is currently before the Court. (Dkt. 23.)

## DISCUSSION

Defendants move to dismiss for lack of subject matter jurisdiction and failure to state a claim. (*See* Defendants' Memorandum of Law in Support of Motion to Dismiss ("Defs.' Br."), Dkt. 24, at ECF[2] 15–20.) "When presented with both a motion under [Fed. R. Civ. P.] 12(b)(1) to

---

[2] "ECF" refers to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

3

dismiss for lack of subject matter jurisdiction and a motion under [Fed. R. Civ. P.] 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted," the Court must first decide whether it "has the subject matter jurisdiction necessary to consider the merits of the action." *Zapotocky v. CIT Bank, N.A.*, 587 B.R. 589, 592 (S.D.N.Y. 2018) (citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must "accept[] all material facts alleged in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor." *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016) (quotation omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "After construing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Id.* (quotations, brackets, and citation omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678; *Hogan*, 738 F.3d at 514. The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (citation omitted); *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan*

*Stanley Inv. Mgmt.*, 712 F.3d 705, 729–30 (2d Cir. 2013). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

In addressing the sufficiency of a complaint, "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions," *id.* at 678; *see Pension Benefit Guar. Corp.*, 712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (quotations omitted)). "'While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Twombly*, 550 U.S. at 679). For purposes of a motion to dismiss, "[a] complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 89 (2d Cir. 2018) (quotations omitted).

## I. Declaratory Judgment Act

Plaintiffs style their first cause of action as a claim for declaratory relief under the Declaratory Judgment Act. (Am. Compl., ¶¶ 74–82.) The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "It is well established, however, that the Declaratory Judgment Act does not provide an independent cause of action." *Garcia v. Nat'l Contractors Ins. Co., Inc.*, No. 15-CV-1332 (CBA) (MDG), 2015 WL 7016968, at *1 (E.D.N.Y. Nov. 12, 2015). As the Second Circuit has explained,

> a request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving the adjudication of rights. In fact, the statute authorizing the declaratory judgment remedy explicitly incorporates the Article III case or controversy limitation. The Declaratory Judgment Act does not expand jurisdiction. Nor does it provide an independent cause of action. Its operation is procedural only—to provide a form of relief previously unavailable. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.

*In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) (citations omitted).

Accordingly, to the extent Plaintiffs advance an independent claim under the Declaratory Judgment Act, that claim is dismissed. *See Khanom v. Kerry*, 37 F. Supp. 3d 567, 575 (E.D.N.Y. 2014) ("Finally, this case does not 'arise under' the Declaratory Judgment Act, 28 U.S.C. § 2201, because this statute provides a specific remedy for plaintiffs who are alleging a claim based on a substantive source of rights, but does not itself confer any substantive rights.").

## II. Copyright Act

Plaintiffs' second cause of action is for copyright infringement under the Copyright Act. (Am. Compl., ¶¶ 83–90.) In sum and substance, Plaintiffs allege that they "have at all relevant times been owners of the copyrights in the Documentary and Interview Footage," though they have been unable to register their copyrights, and that "Defendants have made unauthorized reproductions of the Documentary and Interview Footage and used or licensed others to use them to prepare derivative works . . . ." (*Id.* ¶¶ 84, 86.)

### A. Subject Matter Jurisdiction

As complete diversity is lacking between the parties,[3] the Court must decide whether it may exercise federal question jurisdiction over this matter. *See* 28 U.S.C. §§ 1331 ("The district

---

[3] All parties in this action are citizens of New York State (Am. Compl., ¶¶ 1–10), which precludes this Court from exercising diversity jurisdiction. *See Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 861 (2d Cir. 1995) ("It is well established that for a case to come within

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."). Because the Court has, *supra*, dismissed Plaintiffs' claim under the Declaratory Judgment Act, federal question jurisdiction could only exist under the Copyright Act—Plaintiffs' sole remaining federal claim. An action "arises under" the Copyright Act

> if and only if the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties to record reproduction, . . . or asserts a claim requiring construction of the Act . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*Corcovado Music Corp. v. Hollis Music, Inc.*, 981 F.2d 679, 682 (2d Cir. 1993) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). "Whether the claim is brought in federal district court originally or by removal from a state court, the [C]ourt must apply this test to determine whether it has jurisdiction to hear the claim under 28 U.S.C. § 1338(a)." *Barnhart v. Federated Dep't Stores, Inc.*, No. 04-CV-3668 (JGK), 2005 WL 549712, at *3 (S.D.N.Y. Mar. 8, 2005).

The Court holds that it has subject matter jurisdiction over this action, because this is plainly a claim for copyright infringement in which remedies explicitly provided for in the Copyright Act are sought. Plaintiffs allege that they are owners of copyrights in the documentary and accompanying interview footage (Am. Compl., ¶ 84), and request relief in the form of an injunction, damages, and attorneys' fees (*id.* ¶ 88). These remedies are expressly granted under the Copyright Act. *See Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 348 (2d Cir. 2000)

---

the diversity statute there must be complete diversity among all parties; that is, that no plaintiff and no defendant may be citizens of the same state.").

(observing that remedies under the Copyright Act include "injunctive relief, impoundment remedies, statutory damages, and attorneys['] fees" (citing 17 U.S.C. §§ 502, 503, 504, and 505)).

Defendants argue that "Plaintiffs' copyright claim is being asserted by means of an alleged oral contract, whose resolution depends on state contract law." (Defs.' Br., Dkt. 24, at ECF 16 (citation omitted).) But "[w]here a complaint alleges a federally conferred right, such as a copyright, a trademark or a patent, then alleges violations of that right and requests remedies provided by federal statute, this should be enough to confer federal jurisdiction." *Ryan v. Volpone Stamp Co., Inc.*, 107 F. Supp. 2d 369, 377 (S.D.N.Y. 2000) (quotation omitted). "The fact that such a claim arises in the context of a disruption of contractual arrangements and presents certain contract issues should not remove it from jurisdiction." *Id.* (quotation omitted); *see also Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 623 F.3d 61, 69 (2d Cir. 2010) ("[F]ederal courts possess subject matter jurisdiction over a copyright claim so long as a complaint alleges a claim or seeks a remedy provided by the Copyright Act, even if the plaintiff seeking a copyright remedy is only entitled to that remedy on a prior showing of contractual entitlement . . . ." (quotation omitted)).

**B. Failure to State a Claim**

1. <u>Right to Sue under 17 U.S.C. § 501(b)</u>

The Court also concludes that Plaintiffs have sufficiently demonstrated their right to sue, or statutory standing,[4] under 17 U.S.C. § 501(b), which provides that "[t]he legal or beneficial

---

[4] The Court "recognize[s] that, to ensure that the right to sue is not confused with Article III standing, the Supreme Court has discouraged the use of the term 'statutory standing.'" *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 402 n.4 (2d Cir. 2018) (citing *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)). The Court uses the phrase "statutory standing" here "to refer to a plaintiff's right to pursue a cause of action under the Copyright Act," *id.*, and notes that "lack of *statutory* standing requires dismissal for failure to state

8

owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." Defendants argue that "Plaintiffs lack standing to sue because they have failed to comply with the statutory registration prerequisite to filing a copyright suit." (Defs.' Br., Dkt. 24, at ECF 16; *see also id.* at ECF 16–18.) But "[t]he Copyright Act safeguards copyright owners, *irrespective of registration*, by vesting them with exclusive rights upon creation of their works and prohibiting infringement from that point forward." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 891 (2019) (emphasis added); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) ("The registration requirement in 17 U.S.C. § 411(a) . . . imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents.").

2. Registration Requirement

Having determined that it possesses subject matter jurisdiction over this action and that Plaintiffs have statutory standing to bring a claim under the Copyright Act, the Court nevertheless concludes that Plaintiffs' copyright infringement action should be dismissed due to Plaintiffs' failure to comply with the registration requirement. The relevant provision of the Copyright Act provides,

> [e]xcept for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b),[5] no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action

---

a claim, [while] lack of Article III standing requires dismissal for lack of subject matter jurisdiction," *Naruto v. Slater*, 888 F.3d 418, 425 n.7 (9th Cir. 2018) (quotation omitted).

[5] Plaintiffs do not argue that any statutory exception to the registration requirement applies.

9

> for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a). The registration requirement "is akin to an administrative exhaustion requirement that the owner [of a copyright] must satisfy before suing to enforce ownership rights." *Fourth Estate*, 139 S. Ct. at 887.

Conceding that they have neither applied for, nor succeeded in effectuating, registration of a copyright in the documentary or accompanying interview footage, Plaintiffs state that they are "unable to register their copyrights in the Documentary and Interview Footage because the Defendants are in possession and have denied Plaintiffs access." (Am. Compl., ¶ 76.) Consequently, Plaintiffs request that the Court "suspend" or "waive" the registration requirement. (*Id.* ¶ 89.) The Court declines Plaintiffs' request to announce a new exception to the registration requirement, and observes that courts in this Circuit have not hesitated to dismiss copyright infringement claims where the plaintiff had not even applied for—let alone received—formal registration of the relevant work. *See LLM Bar Exam, LLC v. Barbri, Inc.*, 271 F. Supp. 3d 547, 590 (S.D.N.Y. 2017) (dismissing copyright infringement claim where the plaintiff "[did] not hold (and indeed, ha[d] not even applied for) a copyright"); *Sullivan v. Duncan*, No. 13-CV-1640 (SAS), 2015 WL 4393316, at *6 (S.D.N.Y. July 17, 2015) (holding that plaintiff's claim for copyright infringement "must be dismissed as a matter of law because she failed to allege the prerequisite to filing suit under section 411(a) of the Copyright Act," not having "even applied for copyright registration" before commencing the action).

In support of their argument that the registration requirement should be suspended or waived, Plaintiffs cite a single decision from the Northern District Georgia, *Foundation for Lost Boys & Girls of Sudan, Inc. v. Alcon Entertainment, LLC*, No. 15-CV-509 (LMM), 2016 U.S. Dist. LEXIS 183684 (N.D. Ga. Mar. 22, 2016). (*See* Pls.' Mem. of Law in Opp. to Mot. for Summ. J.,

Dkt. 26, at ECF 12–13.) In *Lost Boys*, the court determined that it could "grant injunctive relief despite [the] [p]laintiffs' inability to register for a copyright" where the plaintiffs "lack[ed] possession of a copy" of the works at issue "and so [could not] submit a valid registration application." 2016 U.S. Dist. LEXIS 183684, at *17, *23. In doing so, that court relied on *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir. 1994), a decision in which the Eighth Circuit held that "[t]he power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which give rise to an infringement action." *Id.* at 1349. The Eighth Circuit reasoned that:

> Courts have traditionally crafted broad injunctions to protect copyright holders, regardless of the registration of the copyright. Injunctions have even prohibited infringement of works not yet in existence. Faced with the question of extending an injunction to include copyrighted material not included in the suit, the D.C. Circuit[6] decided that where liability has been determined adversely to the infringer, there has been a history of continuing infringement and a significant threat of future infringement remains, it is appropriate to permanently enjoin the future infringement of works owned by the plaintiff but not in the suit. We agree with this statement of the law.
>
> When a copyright owner has established a threat of continuing infringement, the owner is entitled to an injunction regardless of registration. Based on our review of the record, we believe the circumstances contemplated by 17 U.S.C. § 502(a) may exist in this case. [The plaintiff] presented evidence of [the defendant's] past infringement and of the substantial likelihood of future infringement. [The plaintiff] further asserted that it had no adequate remedy at law. Therefore, the district court must consider [the plaintiff's] request for injunctive relief.

*Olan Mills*, 23 F.3d at 1349 (citations, quotation, and alterations omitted).

As an initial matter, this Court is not bound by *Lost Boys* or *Olan Mills*. *See, e.g.*, *L.S. v. Webloyalty.com, Inc.*, No. 10-CV-1372 (CSH), 2014 WL 3547640, at *5 (D. Conn. July 17, 2014) (noting that the district court is "not bound by the decisions of any other district court in the nation,

---

[6] *See Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C. Cir. 1990) ("When a copyright plaintiff has established a threat of continuing infringement, he is entitled to an injunction." (emphasis omitted)).

11

nor by the decisions of any circuit court other than the Second"). Furthermore, in light of the plain language of 17 U.S.C. § 411(a) and the precedent in this Circuit dismissing infringement claims based on unregistered copyrights, the Court declines to follow *Olan Mills*. *See, e.g.*, *Treboux v. Trickey*, No. 19-CV-4595 (CM), 2019 WL 2502180, at *3 (S.D.N.Y. June 14, 2019) ("Plaintiff's complaint indicates that she submitted an application with the Copyright Office on January 24, 2019. She does not state that she has received a certification of registration from the Copyright Office for her artwork. Accordingly, the facts alleged fail to state a copyright infringement claim."); *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *3 n.1 (S.D.N.Y. Apr. 2, 2019) ("Although the Supreme Court has left open the question whether a district court 'may or should' enforce Section 411(a) by dismissing defective complaints *sua sponte*, the weight of authority in this Circuit suggests that the Court both may and should." (citations omitted)); *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 201 (E.D.N.Y. 2018) ("Since plaintiff has not alleged that it filed the applications for registration . . . as required by the plain terms of the Copyright Act, it failed to satisfy the preconditions to suit under § 411(a) with respect to those claims."). Lastly, even if the Court were to adopt the reasoning of *Olan Mills*, it would nonetheless find that it does not dictate a different result in this case. In that regard, the Court respectfully disagrees with the district court's application of *Olan Mills* in *Lost Boys*, where, as here, the plaintiffs neither presented evidence of a prior determination of the defendants' infringement liability nor established a history of continuing infringement.

Accordingly, the Court dismisses Plaintiffs' copyright infringement claim without prejudice. *See Patrick Collins, Inc. v. John Does 1–7*, No. 12-CV-2963 (VB), 2012 WL 1889766, at *2 (S.D.N.Y. May 24, 2012) (dismissing action without prejudice where plaintiff failed to allege "that it holds a valid copyright, has properly registered the copyright, or its application for a

copyright was refused by the Copyright Office"); *Caldwell v. Rudnick*, No. 05-CV-7382, 2006 WL 2109454, at *2 (S.D.N.Y. July 26, 2006) ("Based on plaintiffs' failure to comply with the registration requirements of the [Copyright Act], we dismiss the complaint without prejudice.").

### III. State Law Claims

Having dismissed all of Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims brought under state law. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (quotation omitted)).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in its entirety. The Clerk of Court is respectfully directed to enter judgment and close this case.

> SO ORDERED.
>
> */s/ Pamela K. Chen*
> Pamela K. Chen
> United States District Judge

Dated: July 15, 2019
      Brooklyn, New York